UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re:

SAFE HARBOR BANK, LTD.,

    Debtor in a Foreign Proceeding.

Case No. 11-_13629_ (___)

Chapter 15

ORDER GRANTING PROVISIONAL RELIEF PENDING HEARING ON
PETITION FOR RECOGNITION AS A FOREIGN MAIN PROCEEDING
PURSUANT TO 11 U.S.C. §§ 105(a) AND 1519

A hearing having been held before the United States Bankruptcy Court for the District of Massachusetts on _April 22_, 2011 (the "Hearing") to consider the Emergency Motion (the "Motion") of Graham Crabtree, the duly appointed Liquidator ("Liquidator" or "Petitioner") of Safe Harbor Bank, Ltd. ("Safe Harbor" or the "Foreign Debtor"), a company undergoing a liquidation proceeding pending as Claim No. 9 of 2011 in St. Vincent and the Grenadines (the "SVG Proceeding") before the Eastern Caribbean Supreme Court, High Court of Justice (the "Eastern Caribbean Supreme Court"), seeking entry of an Order granting provisional injunctive and related relief pursuant to Sections 105(a) and 1519 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") in connection with the filing of the Official Form Petition and Verified Petition and exhibits thereto (together with the Official Form Petition, the "Petition") seeking recognition of the SVG Proceeding; and upon the Court's review and consideration of the Emergency Motion and the Declaration of Graham Crabtree executed on April 20, 2011 (the "Crabtree Declaration"), attesting to the need for provisional relief, and the

accompanying Declarations of Joseph A. Delves executed on April 21, 2011 (the "Delves Declaration"), and John J. Monaghan executed on April 20, 2011; and it appearing that this Order is necessary and beneficial to the Petitioner and Safe Harbor; and it appearing that any objections made to the Motion have been overruled or resolved; and it appearing that sufficient notice has been provided to parties to the U.S. action in the Barnstable Superior Court, captioned *Spinal Technology, Inc. et al. v. Graham Crabtree, Liquidator of Safe Harbor Bank, et al.*, Civil Docket BACV2011-00179 (the "U.S. Action") and other parties in interest; and upon the record of the hearing in this matter; and after due deliberation and sufficient cause appearing thereof, this Court finds and concludes that a showing has been made as follows:

A.    There is a substantial likelihood that Petitioner will be able to demonstrate that the SVG Proceeding is a foreign main proceeding pursuant to section 1517 of chapter 15 of the Bankruptcy Code, that the Petitioner is the foreign representative of Safe Harbor pursuant to section 101(23) and 1502(4) of the Bankruptcy Code, and that the Petitioner, in his capacity as foreign representative of Safe Harbor, is entitled to the protections afforded by sections 1520 and 1521 of the Bankruptcy Code;

B.    The commencement or continuation of any judicial or quasi-judicial actions or proceedings with respect to Safe Harbor and the property of Safe Harbor that is within the territorial jurisdiction of the United States, including the U.S. Action, should be provisionally enjoined to permit the expeditious and economical administration of Safe Harbor in the SVG Proceeding and the relief requested either (a) will not cause an undue hardship to any party in interest, or (b) any hardship to a party in interest is outweighed by the benefits of the relief requested to Safe Harbor, the SVG Proceeding and Safe Harbor's creditors.

C.  Unless this Order issues, there is a material risk that Safe Harbor may suffer cognizable injury for which it will have no adequate remedy at law and therefore it is necessary that the Court enter this Order;

D.  Further, unless this Order issues, Safe Harbor's assets located in the United States could be subject to efforts by creditors to control, possess, or execute upon such assets and such efforts have a material risk of resulting in Safe Harbor and the Petitioner suffering irreparable injury, loss or damage by, among other things: (1) interfering with the jurisdictional mandate of this Court under Chapter 15 of the Bankruptcy Code; (2) interfering with Safe Harbor's and the Petitioner's efforts to ensure an orderly administration of the financial affairs of Safe Harbor in the SVG Proceeding; and (3) undermining the Petitioner's efforts to achieve an equitable result for the benefit of all of Safe Harbor's creditors and interest holders.

E.  The Petitioner, in connection with his representation of Safe Harbor, and Safe Harbor are provisionally entitled to the protections and rights afforded pursuant to sections 1519(a)(1)-(3) of the Bankruptcy Code; and

F.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(b)(2)(P) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper pursuant to 28 U.S.C. § 1410.

**NOW, THEREFORE, IT IS HEREBY ORDERED, FOUND AND DETERMINED THAT:**

1.  Pending the entry of an order in connection with the hearing on the Petition for recognition of the SVG Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code (the "Recognition Hearing") and except as provided herein, the commencement or continuation of any judicial or quasi-judicial actions action or proceeding with respect to Safe Harbor and the property of Safe Harbor that is within the territorial

3

jurisdiction of the United States, including the U.S. Action, are hereby provisionally stayed, *provided however*, that no action described in sections 555, 556, 557, 559, 560, 561, 562 and 1519(d) and (f) of the Bankruptcy Code is enjoined by this Order.

2.  Pending the entry of an order in connection with the Recognition Hearing, all persons and entities are enjoined from:

> a. Executing against any asset or property of Safe Harbor that is located in the territorial jurisdiction of the United States;
>
> b. Seeking issuance of process or initiating United States proceedings designed to effectuate the restraint, turnover or execution of Safe Harbor assets or interests located outside the United States; or
>
> c. Taking or continuing any act to obtain possession of, or exercise control over, (i) the Petitioner (in his capacity as a foreign representative of Safe Harbor), (ii) Safe Harbor, or (iii) Safe Harbor's assets or property.

3.  Pending the entry of an order in connection with the Recognition Hearing, the Petitioner and Safe Harbor shall be entitled to the full protections and rights enumerated under section 1519(a)(1)-(3) of the Bankruptcy Code, including:

> a. entrusting the administration or realization of all of Safe Harbor's assets and property located in the United States to the Petitioner in order to protect and preserve the value of such assets;
>
> b. prohibiting other entities from transferring, encumbering, or otherwise disposing of any assets or property of Safe Harbor located in the United States;
>
> c. the right and power to examine witnesses, take evidence, or deliver information concerning Safe Harbor's assets, affairs, rights, obligations, or liabilities; and

    d. the right and power to seek additional relief that may be available to a trustee, except for relief available under sections 522, 544, 545, 547, 548, 550 and 724(a) of the Bankruptcy Code.

4. Any party in interest may seek relief from, or modification of, this Order, by filing a motion on not less than five (5) business days notice to the United States counsel for Petitioners, or on such other notice as the Court may order, and any such motion shall be the subject matter of a hearing scheduled by the Court.

5. This Order shall remain in effect until the earlier of (a) entry of an order recognizing the SVG Proceeding as the foreign main proceeding in accordance with section 1517 of the Bankruptcy Code or (b) the dismissal or closing of this chapter 15 proceeding.

6. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: April 22, 2011

                                                /s/ William Hillman
                                                United States Bankruptcy Judge
                                                District of Massachusetts

#10266262_v1