UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re:

SAFE HARBOR BANK, LTD.,

        Debtor in a Foreign Proceeding.

Case No. 11-13629 (WCH)

Chapter 15

### *ASSENTED TO* EXPEDITED MOTION FOR ORDER (i) SCHEDULING HEARING ON RECOGNITION, (ii) RESCHEDULING MAY 13, 2011 HEARING REGARDING PROVISIONAL RELIEF, (iii) SPECIFYING DEADLINE FOR FILING OBJECTIONS, AND (iv) SPECIFYING THE FORM AND MANNER OF SERVICE AND NOTICE

Graham Crabtree, duly appointed Liquidator ("Liquidator" or "Petitioner") of Safe Harbor Bank, Ltd. ("Safe Harbor"), respectfully submits this motion[1] ("Motion") seeking entry of an Order substantially in the form attached hereto as Exhibit A: (i) scheduling a hearing (the "Recognition Hearing Date") as the Court's calendar permits, on at least 21 days notice pursuant to Rule 2002(q)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), with respect to the relief requested through the Official Form Petition and *Verified Petition For Recognition of Foreign Insolvency Proceeding and Application For Related Provisional Relief Pursuant to Sections 1504, 1507, 1509, 1515, 1517, 1520 and 1521 of the Bankruptcy Code* (the "Verified Petition") and exhibits thereto [Docket Nos. 1 and 2, respectively] filed on April 21, 2011; (ii) rescheduling the continued hearing presently scheduled for May 13, 2011 (the "Continued Hearing Date") regarding the *Emergency Motion for Provisional Order Pursuant to Sections 105(A) and 1519 of the Bankruptcy Code and Request For Emergency Hearing* [Docket

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Verified Petition.

No. 3] (the "Emergency Motion") to the Recognition Hearing Date; (iii) establishing a deadline to file responses or objections to the Petition; (iv) approving the form of notice of the Recognition Hearing Date (the "Notice") attached hereto as Exhibit B; and (v) approving the manner and service of the Notice and Petition as described herein. This Motion also seeks to resolve what appears to be a conflict between this Court's order of April 22, 2011 scheduling further proceedings in this matter on May 13, 2011, and the summons issued in this matter which, in accordance with Bankruptcy Rule 2002(q)(1), affords parties-in-interest a response deadline of twenty-one days from actual service of the summons or other notice, which deadline would occur after the scheduled May 13, 2011 hearing. The Petitioner requests through this Motion that the costs and inefficiencies attendant upon going forward with a hearing on May 13, 2011 and then proceeding with essentially the same hearing after expiration of the summons-provided notice is effected be avoided through holding a single hearing after all parties-in-interest receive the Rule required-summons established notice and all responses are received. The Petitioner further requests that the preliminary relief granted remains in effect through the Court's determination of the Petition. In support of this Motion, the Petitioner further states as follows:

## I. BACKGROUND

1.      On April 21, 2011, the Petitioner commenced the above-captioned Chapter 15 proceeding through the filing of the Petition seeking recognition of the liquidation proceeding pending in St. Vincent and Grenadines as Claim No. 9 of 2011 (the "SVG Proceeding") before the Eastern Caribbean Supreme Court, High Court of Justice (the "Eastern Caribbean Supreme Court") as a foreign main proceeding to ensure implementation of the winding up order issued by the Eastern Caribbean Supreme Court and to protect Safe Harbor's U.S.-based collateral.

2

2.  Safe Harbor is a private bank incorporated on May 25, 2000, in St. Vincent and the Grenadines, with a registered address of Nanton's Building, 11 Egmont Street, Box 2630, Kingstown, St. Vincent and the Grenadines. *See id.* at ¶ 6. The locus of activity related to the winding up of Safe Harbor in the SVG Proceeding is St. Vincent and the Grenadines. *See id.*

3.  On January 11, 2011, the Attorney General of St. Vincent and the Grenadines filed a petition for the winding up of Safe Harbor (the "Winding Up Petition") commencing the SVG Proceeding, pursuant to the St. Vincent and the Grenadines Companies Act, Act No. 8 of 1994 (the "Companies Act"), the International Business Companies (Amendment and Consolidation) Act of 2007 (the "International Business Companies Act"), and the International Banks Act of 2004.

4.  The Eastern Caribbean Supreme Court appointed the Petitioner as Provisional Liquidator of Safe Harbor, pursuant to an Order dated January 15, 2011 and entered on January 17, 2011 (the "Provisional Appointment Order").[2] A hearing on the Winding Up Petition was held on April 7, 2011 and the Eastern Caribbean Supreme Court entered an Order on the Winding Up Petition, which is attached to the Petition as Exhibit A, appointing the Petitioner as Liquidator and providing, among other things, that Safe Harbor be wound up in accordance with the provisions of the Companies Act and the International Business Companies Act.

5.  Some two and a half months after the commencement of the SVG Proceeding, Spinal Technology, Inc., Spinal Group, Inc. and James F. Tierney (collectively, the "Plaintiffs") filed an action against the Petitioner, Thomas Mangione, and Ariane St. Claire in the Barnstable Superior Court, captioned *Spinal Technology, Inc. et al. v. Graham Crabtree, Liquidator of Safe*

---

[2] Subsequent to entry of the Provisional Appointment Order, Mr. Crabtree, who is located in The Valley, Anguilla, appointed David R. Sargeant as his Safe Harbor representative for any time that he is physically unable to be present in St. Vincent and the Grenadines. *See id.* at ¶ 40.

3

*Harbor Bank, et al.*, Civil Docket BACV2011-00179 (the "U.S. Action"), in which the Plaintiffs seek, among other things, preliminary and permanent injunctions prohibiting the Petitioner from discharging his duties in the SVG Proceeding of liquidating and collecting assets of Safe Harbor. A copy of the *Verified Complaint dated March 28, 2011* (the "Complaint") is attached as Exhibit A to the *Monaghan Declaration* [Docket No. 8]. A hearing on the injunctive relief requested by the Plaintiffs was scheduled for April 22, 2011 in the Barnstable Superior Court.

6. The Petitioner filed an Emergency Motion contemporaneously with the filing of the Petition on April 21, 2011, seeking entry of a provisional order to prevent irreparable harm to Safe Harbor and the SVG Proceeding pending recognition and requesting the stay of the commencement or continuation of actions and proceedings against the Petitioner, Safe Harbor or Safe Harbor's assets, including the U.S. Action, and enjoining creditors from utilizing any judicial or administrative process to execute, restrain or encumber Safe Harbor's assets or otherwise take or continue any action against Safe Harbor or the Petitioner.

7. On April 22, 2011, after a hearing, the Bankruptcy Court entered an order granting provisional relief (the "Provisional Relief Order") through a hearing on recognition. At the conclusion of the hearing in which the Provisional Relief Order entered, the Bankruptcy Court scheduled a hearing relating to the Petition for May 13, 2011.

8. Unbeknownst to the Court or the parties at the April 22, 2011 hearing at which the scheduling of the second hearing occurred, a summons issued in these proceedings which, in accordance with Bankruptcy Rule 1010, must be served upon all parties against whom provisional relief is sought and such other parties as the court may direct, and affords parties-in-interest twenty-one (21) days from the date of receipt of service to respond.

4

9. That summons was not received by Petitioner's counsel in time to afford all required parties the requisite twenty-one (21) days opportunity to respond or to obtain the Court's direction as to additional parties to serve or the manner of such service in time for the scheduled May 13, 2011 hearing. Through this motion, therefore, the Petitioner seeks approval of the scope, means and manner of notice, the rescheduling of the May 13, 2011 hearing and establishment of a date for the final hearing on recognition.

## II.  RELIEF REQUESTED

A. SERVICE OF NOTICE

10. Pursuant to Bankruptcy Rule 2002(q), the Petitioner proposes to serve copies of the Notice together with the Petition, Declarations, and Provisional Relief Order by overnight mail, within three (3) business days of entry of the Order approving this Motion, upon Safe Harbor, all persons authorized to administer foreign proceedings of Safe Harbor, all parties to the U.S. Action and the United States Trustee (collectively, the "Notice Parties").

11. Additionally, the Petitioner proposes to publish the Notice and the Petition on the Safe Harbor's public website, http://www.safeharborbank.com, for review by all of Safe Harbor's stakeholders, within three (3) business days of entry of the Order approving this Motion. Providing notice of the Chapter 15 Petition and the Recognition Hearing in this manner is consistent with the manner in which the Petitioner has provided and continues to provide notice to stakeholders with respect to matters in the SVG Proceeding.

12. Bankruptcy Rule 2002(q)(l) provides that the Notice Parties must be given at least twenty-one days' notice of a hearing to consider the petition for recognition of a foreign proceeding. Fed. R. Bankr. P. 2002(q)(l). Bankruptcy Rules 2002(m) and 9007, in turn, provide, among other things, that when notice is to be given under the Bankruptcy Rules, the presiding

5

court shall designate the form and manner in which such notice shall be given, provided the Bankruptcy Rules do not otherwise specify the appropriate form and manner of such notice. Fed. R. Bankr. P. 2002(m), 9007. Although Bankruptcy Rule 2002(q) provides that the Notice Parties must receive at least 21 days' notice by mail of the hearing on the petition for recognition of a foreign proceeding, it does not specify the form and manner in which such notice must be given. Therefore, pursuant to Bankruptcy Rules 2002(m) and 9007, this Court may specify such form and manner of notice.

13. The Petitioner respectfully submits that service of the Notice, Petition, Declarations, and the Provisional Relief Order by overnight mail upon the Notice Parties, in accordance with Bankruptcy Rule 2002(q), and the posting of the same documents on the Safe Harbor Bank website as maintained by the Liquidator within 3 business days of entry of the proposed Order constitutes adequate and sufficient notice of this Chapter 15 case and the relief sought in the Petition. Accordingly, the Petitioner respectfully requests that this Court approve the foregoing manner of service of the Notice and Petition pursuant to Rules 2002(m), 2002(q), and 9007.

    B.    <u>DEADLINE FOR OBJECTIONS</u>

14. Bankruptcy Rule 1011(b) provides, among other things, that a party objecting to a petition filed to commence an ancillary proceeding under chapter 15 of the Bankruptcy Code has 21 days from the date of service of the petition to respond to such petition. Fed. R. Bankr. P. 1011(b).

15. In light of this requirement, the Petitioner requests establishment of a deadline for parties-in-interest to file objections to the Verified Petition on the twenty-fourth day following the date established pursuant to the immediately preceding paragraph.

C. WAIVING THE PROOFS OF CLAIM DEADLINE REQUIREMENT

16. Section 1514(c) of the Bankruptcy Code provides that when notification of the commencement of a case is to be given to foreign creditors, such notification shall, <u>inter alia</u>, indicate the time period for filing of proofs of claim, specify the place for filing such proofs of claim and indicate whether secured creditors need to file proofs of claim. 11 U.S.C. § 1514(c).

17. It is not clear that section 1514 generally applies in the context of an ancillary case under chapter 15. As commentators have discussed, section 1514 is the "last in a series of sections dealing with the international aspects of cases under chapters <u>other than</u> chapter 15 that began with section 1511." 8 Collier on Bankruptcy, 1514.01 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. Rev. 2008) (emphasis added). Since section 1514(c) does not appear to apply in this chapter 15 case as the Petitioner has not sought to commence a case under any other chapter of the Bankruptcy Code, the Petitioner requests that the requirements contained in section 1514 be waived, to the extent applicable.

D. ESTABLISHING A FINAL HEARING DATE

18. In light of the twenty-one day notice of a deadline for filing a reply to the Verified Petition, the Petitioner submits that setting a hearing date soon after that period's expiration would be appropriate.

19. Therefore, the Petitioner requests establishment of a final hearing regarding the Verified Petition as soon as the Court's calendar permits, after expiration of the twenty-one day notice period as the Recognition Hearing Date, and further requests that the relief granted in the Provisional Relief Order continue in effect until that time.

     E.     CONTINUANCE OF THE MAY 13, 2011 HEARING DATE

20.     Moreover, in light of the entry of the Provisional Relief Order and the requested scheduling of the Recognition Hearing Date, the Petitioner also seeks to reschedule the May 13, 2011 hearing date.

21.     In light of the requirement of twenty-one days notice of an opportunity to object and of the summons issued in this case, going forward with the May 13, 2011 hearing will necessitate two hearings, one on May 13, 2011 and another after the required service is effected. The Petitioner submits that judicial and financial economy would best be served by holding a single hearing after the required notice period has expired.

22.     Counsel to the Plaintiffs in the U.S. Action has assented to the relief requested through this Motion.

### III.  CONCLUSION

WHEREFORE, the Petitioner respectfully requests that this Court enter an order, substantially in the form of Exhibit A hereto, granting the following relief:

1.     Determining that service is sufficient and appropriate through sending the Notice together with the Petition, Declarations, and Provisional Relief Order by overnight mail upon all persons authorized to administer foreign proceedings of Safe Harbor, all parties to the U.S. Action and the United States Trustee, as well as posting those same documents on the website relating to the Foreign Proceedings maintained by the Liquidator within three (3) business days of entry of the Order approving this Motion;

2.     Establishing a deadline for parties-in-interest to file and serve any objections or replies to the Petition on or before a date that is twenty-four days following the deadline for the

overnight mailing deadline established in accordance with the immediately preceding request for relief;

    3.    Waiving the requirement of establishment and notice of a proof of claim deadline;

    4.    Setting a final hearing date regarding the Petition on a date convenient to the Court following the expiration of the deadline for filing objections in accordance with the request for relief contained in paragraph (2) above;

    5.    Continuing the hearing date currently scheduled on May 13, 2011 until the date of the final hearing established in connection with the immediately preceding request for relief;

    6.    Continuing in effect the relief granted in the Provisional Relief Order until the conclusion of the final hearing; and

    7.    Granting such other and further relief as may be just and proper.

Dated: May 6, 2011

Respectfully submitted,

GRAHAM CRABTREE, IN HIS CAPACITY AS LIQUIDATOR OF SAFE HARBOR BANK, LTD.

By his Attorneys

HOLLAND & KNIGHT LLP

/s/ John J. Monaghan
John J. Monaghan (Mass Bar 546454)
Lynne B. Xerras (Mass Bar 632441)
Diane N. Rallis (Mass Bar 652203)
Nicole Prairie (Mass Bar 675824)
10 St. James Avenue
Boston, MA 02116
Ph: (617) 523-2700
Fax: (617) 523-6850
E-mail: bos-bankruptcy@hklaw.com

*Relief requested assented to by:*

/s/ Matthew J. McGowan_____
Matthew J. McGowan (Mass Bar 675196)
Salter McGowan Sylvia & Leonard, Inc.
The Heritage Building
321 South Main Street, Suite 301
Providence, RI 02903

COUNSEL TO SPINAL TECHNOLOGY, INC.,
SPINAL GROUP, INC., AND JAMES F. TIERNEY

CERTIFICATE OF SERVICE

    I, Diane N. Rallis, counsel to Graham Crabtree, in his Capacity as Liquidator of Safe Harbor Bank, Ltd. in the above-captioned bankruptcy proceeding, do hereby certify that on May 6, 2011, I caused copies of the foregoing to be served upon the attached list of interested parties by ECF and/or first-class mail, postage pre-paid.

                                /s/ Diane N. Rallis_____
                                Diane N. Rallis


Office of the U.S. Trustee
ATTN: John Fitzgerald, Esq.
5 Post Office Square, Suite 1000
Boston MA 02109-3934

Matthew J. McGowan, Esq.
Harris K. Weiner, Esq.
Salter McGowan Sylvia & Leonard, Inc.
The Heritage Building
321 South Main Street, Suite 301
Providence, RI 02903

Lawrence G. Green, Esq.
Burns & Levinson LLP
125 Summer Street
Boston, MA  02110

<u>Exhibit A</u>

<u>Proposed Order</u>

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>SAFE HARBOR BANK, LTD.,<br><br>　　　　　　Debtor in a Foreign Proceeding. | Case No. 11-13629 (WCH)<br><br>Chapter 15 |

**ORDER (i) SCHEDULING HEARING ON RECOGNITION,
(ii) RESCHEDULING MAY 13, 2011 HEARING REGARDING PROVISIONAL
RELIEF, (iii) SPECIFYING DEADLINE FOR FILING OBJECTIONS, AND
(iv) SPECIFYING THE FORM AND MANNER OF SERVICE AND NOTICE**

Upon the Motion[1] of Graham Crabtree, duly appointed Liquidator ("Liquidator" or "Petitioner") of Safe Harbor Bank, Ltd. ("Safe Harbor" or the "Foreign Debtor"), a company undergoing liquidation in St. Vincent and the Grenadines pending as Claim No. 9 of 2011 before the Eastern Caribbean Supreme Court, High Court of Justice (the "SVG Proceeding"), filed on May 6, 2011, seeking: (A) the scheduling of a hearing (the "Recognition Hearing Date") on the relief sought in the *Verified Petition For Recognition of Foreign Insolvency Proceeding and Application For Related Provisional Relief Pursuant to Sections 1504, 1507, 1509, 1515, 1517, 1520 and 1521 of the Bankruptcy Code* (the "Verified Petition") and exhibits thereto and Official Form Petition (collectively, the "Petition"), filed on April 21, 2011, (B) the rescheduling of the continued hearing presently scheduled for May 13, 2011 (the "Continued Hearing Date") regarding the *Emergency Motion For Provisional Order Pursuant To Sections 105(A) And 1519 of The Bankruptcy Code And Request For Emergency Hearing* [Docket No. 3] (the "Emergency

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Motion"), (C) the continuation of the relief granted pursuant to the Provisional Relief Order until a determination regarding the Petition, (D) the establishment of a deadline for parties-in-interest to file responses to the Petition on or before a date that is twenty-four days following the deadline for overnight mailing, and (E) the approval of the form and manner of service of notice of the Petition and the hearing thereon; the Court having jurisdiction to consider the Motion and the relief sought therein and venue being proper before this Court; the Court having reviewed the Motion; timely notice of the filing of the Motion having been given, and no other or further notice being necessary or required; and after due deliberation and sufficient cause appearing therefore:

**NOW, THEREFORE, IT IS HEREBY ORDERED, FOUND AND DETERMINED THAT:**

1. The Motion is GRANTED.

2. The Recognition Hearing shall be held on _____, 201 at ___: _____ ___.m. (EST) at the Barnstable Town Hall, 376 Main Street, Hyannis, Massachusetts 02601-3917, to consider approval of the Petition (the "Recognition Hearing").

3. The Continued Hearing Date presently scheduled for May 13, 2011 regarding the Emergency Motion is hereby rescheduled to the same date as the Recognition Hearing.

4. The relief granted in the Provisional Relief Order shall remain in effect through the conclusion of the Recognition Hearing.

5. The form of notice of the Recognition Hearing attached to the Motion as Exhibit B (the "Notice") is hereby approved.

6. The Petitioner shall serve copies of the Notice, Petition, Declarations, and the Provisional Relief Order by overnight mail, within three (3) business days of the entry of this Order, upon the Notice Parties (the "Overnight Mailing Deadline").

2

7. The Petitioner shall publish the Notice and the Petition on the Safe Harbor's public website, http://www.safeharborbank.com, for review by all of Safe Harbor's stakeholders, within three (3) business days of entry of this Order.

8. Responses or objections, if any, to the Petition must be made in writing describing the basis therefor and shall be filed with this Court and served on Holland & Knight LLP, Attn: John J. Monaghan, 11 St. James Avenue, Boston, Massachusetts 02116, so as to be received no later than 4:30 p.m. (EST) on or before the date that is twenty-four days following the Overnight Mailing Deadline.

9. Notice requirements set forth in section 1514(c) of the Bankruptcy Code are inapplicable in the context of Chapter 15 cases or are hereby waived.

10. Service of the Petition and Notice in accordance with this Order shall be good and sufficient service of the Petition and adequate notice of the Recognition Hearing on all interested parties.

Dated: _____, 2011

        United States Bankruptcy Judge
        District of Massachusetts

#10311404_v2

Exhibit B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>SAFE HARBOR BANK, LTD.,<br><br>          Debtor in a Foreign Proceeding. | Case No. 11-13629 (WCH)<br><br>Chapter 15 |

**NOTICE OF FILING AND HEARING ON PETITION UNDER
CHAPTER 15 OF THE UNITED STATES BANKRUPTCY CODE**

     **PLEASE TAKE NOTICE,** that on April 21, 2011, Graham Crabtree, duly appointed Liquidator ("Liquidator" or "Petitioner") of Safe Harbor Bank, Ltd. ("Safe Harbor" or the "Foreign Debtor"), a company undergoing liquidation in St. Vincent and the Grenadines pending as Claim No. 9 of 2011 before the Eastern Caribbean Supreme Court, High Court of Justice (the "SVG Proceeding"), filed an Official Form Petition and a *Verified Petition For Recognition of Foreign Insolvency Proceeding and Application For Related Provisional Relief Pursuant to Sections 1504, 1507, 1509, 1515, 1517, 1520 and 1521 of the Bankruptcy Code* (the "Verified Petition") and exhibits thereto [Docket Nos. 1 and 2, respectively] (collectively, the "Petition") in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") requesting that the SVG Proceeding be recognized as a foreign main proceeding and for other related relief under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code").

     **PLEASE TAKE FURTHER NOTICE,** that on April 22, 2011, the Bankruptcy Court entered an order granting provisional relief (the "Provisional Relief Order") in connection with the *Emergency Motion For Provisional Order Pursuant To Sections 105(A) And 1519 of The Bankruptcy Code And Request For Emergency Hearing* [Docket No. 3] (the "Emergency Motion") filed by the Petitioner.

     **PLEASE TAKE FURTHER NOTICE,** that on May 6, 2011, the Petitioner filed an *Assented to Expedited Motion for Order (i) Scheduling Hearing on Recognition, (ii) Rescheduling May 13, 2011 Hearing Regarding Provisional Relief, (iii) Specifying Deadline for Filing Objections, and (iv) Specifying the Form and Manner of Service of Notice* (the "Motion").

     **PLEASE TAKE FURTHER NOTICE,** that, pursuant to the *Order (i) Scheduling Hearing on Recognition, (ii) Rescheduling May 13, 2011 Hearing Regarding Provisional Relief, (iii) Specifying Deadline for Filing Objections, and (iv) Specifying the Form and Manner of Service of Notice* granting the Motion, which was entered on _____, 2011 (the "Order"), the Bankruptcy Court has scheduled a final hearing regarding the Petition on _____, 2011 at ____:___ __.m. (EST) before the Honorable Judge William C.

Hillman, Barnstable Town Hall, 376 Main Street, Hyannis, Massachusetts 02601-3917, to consider approval of the Petition (the "Recognition Hearing").

**PLEASE TAKE FURTHER NOTICE,** that the continued hearing presently scheduled for May 13, 2011 regarding the Emergency Motion has been rescheduled to the same date as the Recognition Hearing and the relief requested in the Provisional Relief Order remains in effect through the conclusion of the Recognition Hearing.

**PLEASE TAKE FURTHER NOTICE,** that copies of the Petition, Declarations, Provisional Relief Order are attached hereto. Copies of the same, along with this Notice, have also been published to Safe Harbor's public website and are available for review without charge at http://www.safeharborbank.com. Copies of the Petition and the supporting documents also will be made available upon request by contacting Diane N. Rallis, Holland & Knight LLP, by e-mail (diane.rallis@hklaw.com).

**PLEASE TAKE FURTHER NOTICE,** that any party in interest wishing to submit a response or objection to the Petition or the relief requested by the Liquidator must do so pursuant to the Bankruptcy Code and the Local and Federal Rules of Bankruptcy Procedure, in writing and setting forth the basis therefor with specificity. Such response or objection must be filed with the Office of the Clerk of the Bankruptcy Court, 5 Post Office Square, Suite 1150, Boston, Massachusetts 02109-3945, and served on Holland & Knight LLP, Attn: John J. Monaghan, 11 St. James Avenue, Boston, Massachusetts 02116, so as to be received no later than 4:30 p.m. (EST) on _____, 2011.

**PLEASE TAKE FURTHER NOTICE,** that the Recognition Hearing may be adjourned from time to time without further notice other than an announcement in open court at the Recognition Hearing of the adjourned date or dates or any further adjourned hearing.

**PLEASE TAKE FURTHER NOTICE,** that if no response or objection is timely filed and served as provided above, the Bankruptcy Court may grant the recognition and relief requested by the Liquidator without further notice or hearing.

Dated: May ___, 2011                    Respectfully submitted,

                                        GRAHAM CRABTREE, IN HIS CAPACITY AS
                                        LIQUIDATOR OF SAFE HARBOR BANK, LTD.

                                        By his Attorneys

                                        HOLLAND & KNIGHT LLP

                                        /s/ John J. Monaghan_____
                                        John J. Monaghan (Mass Bar 546454)
                                        Lynne B. Xerras (Mass Bar 632441)
                                        Diane N. Rallis (Mass Bar 652203)
                                        10 St. James Avenue
                                        Boston, MA 02116
                                        Ph: (617) 523-2700/Fax: (617) 523-6850
#10311407_v2                            E-mail: bos-bankruptcy@hklaw.com

2